UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

S.G., an infant by RONNA GLICKMAN, his Mother and
Natural Guardian, and RONNA GLICKMAN,
individually,                                                              **Hon. Hugh B. Scott**

                               Plaintiffs,                                    05CV508S

                 v.                                                             **Order**


M.C.,

                         Defendant.


This case was referred to the undersigned for pretrial proceedings (Docket No. 3).

Plaintiffs have filed a motion to remand[1] this case to New York State court (Docket No. 4).  The

Court set forth a briefing schedule calling for responses to this motion be filed on or before

September 9, 2005, and any reply be filed on or before September 16, 2005.  Oral argument was

held on September 23, 2005.  (Docket No. 6.)  In addition to the issues raised in plaintiffs'

motion, given the care provided in having defendant's name redacted in the removal papers (see

Docket No. 4), the parties were asked to address defendant's capacity to be a litigant (his age)

and in particular his capacity to remove this action to this Court or to appear through counsel

(Docket Nos. 6, 9).  See Fed. R. Civ. P. 17(b), (c); N.Y. CPLR 1201.

---

[1]Since this is not one of the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A), this
motion can be decided by a Magistrate Judge by a Decision & Order.  McDonough v. Blue Cross
of Northeastern Pa., 131 F.R.D. 467, 468 (W.D. Pa. 1990); see also Acme Elec. Corp. v. Sigma
Instruments, Inc., 121 F.R.D. 26, 28 (W.D.N.Y. 1988) (Elfvin, J.) (magistrate judge could grant
motion to amend even if resulting amended pleading would require remand to state court).

BACKGROUND

Plaintiff, an infant, claims that he was injured by defendant in July 2004 while both were campers at the Jewish Community Center's Camp Lakeland in Franklinville, New York, when defendant struck the infant plaintiff from behind (see Docket No. 1, Notice of Removal, Ex. A, State Compl. ¶¶ 3, 5, dated June 3, 2005).  Plaintiffs (the infant and his guardian mother) allege state law tort claims for defendant's reckless conduct, seeking damages for infant plaintiff's personal injuries and the mother's payment of the infant's medical expenses.  He and his mother also commenced an action in state court against the camp operator.  S.G., an infant, Glickman v. Jewish Community Center of Greater Buffalo, Inc., Index No. I2005-383 (N.Y. Sup. Ct. Erie County) (hereinafter the "camp action"); see Docket No. 4, Pls. Motion for Remand ¶ 2, Exs. B, C.  In the camp action, defendant Jewish Community Center asserted that a necessary party, defendant in this action, was not named (Docket No. 4, Pls. Motion for Remand ¶ 3).

Defendant's age was not alleged in the Complaint in the action at bar and no claim is asserted against the legal guardians for defendant.  Cf. Fed. R. Civ. P. 9(a) (not necessary to allege capacity of a party to be sued except to the extent to show this Court's jurisdiction).

Defendant removed this action from New York State Supreme Court to this Court (Docket No. 1, July 22, 2005), with someone taking pains to redact the names of both the infant plaintiff and the defendant from the electronically filed version of the Notice of Removal and attached Complaint.  See W.D.N.Y. Admin. Proc. Guide for Electronic Case Filing, ¶ 2.m.i.(1), at 11 (June 2004) (minors' names are redacted, replaced by their initials); see also E-Government

Act of 2002, Pub. L. No. 107-347, § 205.  But defendant did not allege his age[2], cf. Fed. R. Civ.

P. 9(a) (if raising capacity as issue, party needs to make specific negative averment) and he does

not appear with or through a guardian or guardian ad litem.  Defendant claims that this Court has

jurisdiction because this is a diversity action, with defendant, an Ohio resident, being sued by

New Yorkers for damages that exceed the jurisdictional limit of $75,000 (see Docket No. 1,

Notice of Removal; see also Docket No. 7, Def. Atty. Decl. ¶¶ 6, 7, 10; Docket No. 8, Def.

Memo. at 2 (arguing that "there is a reasonable probability that the $75,000 threshold will be

met")).

Plaintiffs then filed this timely motion to remand (Docket No. 4), contending that this

action arises from a common set of facts alleged in the camp action and should be remanded to

state court either to be joined with that action or commenced in state court in concert with that

action.  Plaintiffs offered to discontinue this action and amend the camp operator suit to name

defendant as an additional defendant (Docket No. 4, Motion for Remand ¶ 11).  They also

generally contend that there is no subject matter jurisdiction for this Court to hear this case

(Docket No. 4, Notice of Motion).  Defendant responds that the state complaint alleges damages

above the state lower court's jurisdictional minima, hence there may be a reasonable probability

---

[2]The Court also takes judicial notice of Camp Lakeland's website, see Fed. R. Evid. 201; Emery v. Northeast Ill. Reg'l Commuter R.R., No. 02 C 9303, 2004 U.S. Dist. LEXIS 11451, at *7 n.2 (N.D. Ill. June 17, 2004) (court taking judicial notice of plaintiff's employment from firm's website); Savage Universal Corp. v. Grazier Constr., Inc., No. 04 Civ. 1089, 2004 U.S. Dist. LEXIS 16088, at *35 n.5 (S.D.N.Y. Aug. 13, 2004) (court taking judicial notice of distances from internet mapping site).  The camp has programs for youths entering the third through tenth grades, with a counselor-in-training program for youths entering the eleventh grade,  http://www.camplakeland.com/dates.shtml; see also http://www.mysummercamps.com/camps/Detailed/20088.html (age of campers at Lakeland is 8 to 16 years).

Case 1:05-cv-00508-WMS-HBS   Document 14   Filed 09/26/05   Page 4 of 12


that the federal diversity damage threshold of $75,000 would be met (Docket No. 8, Def. Memo. at 2). Defendant initially did not address the issue of his capacity to be sued or to retain counsel to appear on his behalf.

The Court repeated its Order and required defendant to address the capacity to be sued issue by September 14, 2005 (Docket No. 9). Defense counsel submitted a declaration stating that defendant is presently fourteen years old, born on February 9, 1991 (Docket No. 10, Def. Atty. Decl. ¶ 4), the same age when this action was removed from state court. Defendant is under the legal guardianship of Kenneth and Susan Stack of Ohio (id. ¶ 6), who has insurance coverage from Nationwide Insurance. That insurer then retained defense counsel to represent defendant in this action (id. ¶¶ 6-8).

In response, plaintiff argues that it was not clear whether defendant himself was personally served with the state summons and complaint as required by New York State procedure, and plaintiff now urges this Court to dismiss this action pursuant to New York CPLR 309(a) (Docket No. 12, Pl. Atty. Decl. ¶¶ 6-9, Ex. (affidavits of service upon guardians)). According to the affidavits of service, they were filed with the Erie County Clerk (Docket No. 12, Pl. Atty. Decl. ¶ 6, Ex.)[3].

---

[3]Note, the index of state court papers and copies of these papers submitted with the Notice of Removal, Docket No. 1, did not include the filed proof of service upon the guardians contained in plaintiff's attorney's latest declaration, Docket No. 12. This Court's Local Civil Rule 81(a)(3) requires filing of every non-discovery document from the removed state court action. Had a complete record been filed with the Notice of Removal, some of these issues would have come to light sooner.

<u>DISCUSSION</u>

I.      Defendant's Capacity to Be Sued (and to Remove this Action)

The Court is required to inquire into the basis for subject matter jurisdiction even if not raised by the parties.  <u>See</u> 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u>, § 3739, at 416, 418 (Jurisdiction 3d ed. 1998).  Here, at the threshold of plaintiff's motion to remand, <u>cf.</u> <u>In re FMC Corp. Packaging Sys. Div.</u>, 208 F.3d 445, 450-51 (3d Cir. 2000) (district court may not <u>sua sponte</u> remand an action based upon procedural defects absent a motion), the Court considers first whether it has jurisdiction over this action, namely by examining whether the case was properly removed to this Court.  The ability of a defendant to remove an action from state court to this Court, in turn, depends upon his legal capacity to retain counsel to represent him first in state court to remove the action and then in this Court to defend the removed action.

Legal capacity is "not only the power to bring an action, but is also the power to maintain it."  <u>Mather Constr. Co. v. United States</u>, 475 F.2d 1152, 1155 (Ct. Cl. 1973).  Under Federal Rule 17(c), when an infant is sued the Court must make such orders as to protect the infant party's interests, <u>see</u> 4 <u>Moore's Federal Civil Practice</u> § 17.21.  When a legal disability of a party is suggested, the Court must take steps to determine the question and, if the party is found to be an infant but is not represented by a guardian the Court must either appoint a guardian or enter some other order safeguarding the infant's interests, 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1570, at 503 (Civil 2d ed. 1990).  The rights of an infant are not necessarily protected by the appearance of counsel and the attorney does not automatically become guardian ad litem, <u>id.</u> at 503-04.  The Second Circuit concluded that an

5

infant is ward of the Court in which "'his rights or property are brought into jeopardy, and is entitled to the most jealous care [so] that no injustice will be done to him.'"  Wenger v. Canastota Cent. School Dist., 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (quoting Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)), cert. denied, 526 U.S. 1025 (1999). Under Federal Rule of Civil Procedure 17(b), the law of the litigant's domicile determines his capacity to be sued.  Here, Ohio law would govern defendant's legal capacity, and, under Ohio Civil Rule 17(B) (which is similar to Federal Rule 17(b)), the court either has to appoint a guardian or make other provision for an unrepresented minor.  See 4 Ohio Civ. Prac. § 157.09.

Here, initially no one alleged the ages of the infant plaintiff or the defendant.  Defense counsel now states that defendant is fourteen years old (Docket No. 10, Def. Atty. Decl. ¶ 4), hence an infant, but no provision was made for defendant to appear by means of a guardian or other order.  Instead, through defense counsel, defendant appeared in New York court and removed this action to this Court.  Defendant contends that his legal guardians (identified for the first time in an attorney's declaration, Docket No. 10, ¶ 6, at this Court's request, see Docket No. 9) apparently sought insurance company to defend against the claims alleged against defendant and the insurer retained defense counsel for that purpose (Docket No. 10, Def. Atty. Decl. ¶¶ 7-8).

Defendant's ability to remove this action from New York State court first depends upon his ability to appear or have counsel appear on his behalf in that state's court.  There is no

representation that the legal guardians made an appearance in New York court.[4]  Under New

York CPLR 1201,

> "Unless the court appoints a guardian ad litem, an infant shall appear by the
> guardian of his property or, if there is no such guardian, by a parent having legal
> custody, or, if there is no such parent, by another person or agency having legal
> custody, or, if the infant is married, by an adult spouse residing with the infant, . .
> . . A person shall appear by his guardian ad litem if he is an infant and has no
> guardian of his property, parent, or other person or agency having legal custody,
> or adult spouse with whom he resides, or if he is an infant . . . and the court so
> directs because of a conflict of interest or for other cause, . . . ."

N.Y. CPLR 1201.  Infants can neither appear for themselves nor hire lawyers under New York

law.  See David D. Siegel, New York Practice § 115, at 207 (4th ed. 2005); see also id. § 195, at

324-25 (after service of infant defendant, someone on defendant's side usually sees that a proper

person appears and defends, if not plaintiff then takes the initiative to assure that an appropriate

guardian is appointed); cf. Goishen v. Samor Realty Co., 167 Misc. 477, 480, 4 N.Y.S.2d 107,

111 (N.Y. Mun. Ct. Bronx County 1938) (infant's suit cannot be controlled by infant but he must

appear through guardian ad litem, under former Civil Practice Act § 202).  Only the

representative listed in CPLR 1201 (a legal guardian, parent, court appointed guardian ad litem,

for examples) can retain counsel for an infant; retention of an attorney by the infant and

appearance by that counsel has no force or effect.  Vincent Alexander, C1201:1, Practice

Commentaries to CPLR 1201, at 304 (McKinney 1997).

Thus, in order to file a Notice of Removal in New York state court, the defendant needs

to have the legal capacity to appear or to retain counsel to appear on his behalf.  Without legal

---

[4]Compare how plaintiffs dealt with this issue, see Docket No. 1, Ex., state Complaint;
plaintiffs named the allegedly injured infant and his natural guardian, proceeding through the
guardian to assert the infant plaintiff's claims.

capacity, an infant party needs a legal guardian acting upon defendant's behalf to retain counsel; otherwise, the act of filing the Notice of Removal may be a nullity.  See also E. v. Ingraham, 43 N.Y.2d 87, 95, 400 N.Y.S.2d 772, 777 (1977) ("at the very least, in this and any other proceeding affecting the child's welfare, a guardian ad litem to participate on behalf of the child should be appointed," chiding courts for not appointing a guardian in action seeking New York State issuance of new birth certificate for adopted child).  Here, it appears that defendant has such guardians but they were never disclosed to the state court and were belated revealed to this Court.

Therefore, the Court posed the additional question to the parties of the capacity of defendant to proceed, asking whether he was an infant or not (Docket Nos. 6, 9).  Defense counsel, while stating that defendant was an infant, did not show that defendant's legal guardians appeared in state court before removing the action.  Defendant appears to have skipped an important step to get the case before this Court.  The Court is not questioning the competence or ability of defense counsel or seeking to appoint a guardian ad litem; rather, the issue the Court is considering is whether all the steps were followed in removing this case.  Cf. 28 U.S.C. § 1446(a) (procedure for removal); W.D.N.Y. Local Civ. R. 81(a)(3) (removal requires filing an index of documents filed in state court, copy of each non-discovery document filed there). According to the index filed by defendant (Docket No. 1), the only document filed in state court was the Summons and Complaint.  Absent proof of the appearance of legal guardian on defendant's behalf in state court (who then retained counsel to remove this action), the initial removal was void.

Equally troubling, and noted by plaintiffs their reply (see Docket No. 12, Pls. Atty. Decl. ¶¶ 6-9, Ex.), is the fact that only the legal guardians were served.  Hence, defense counsel that appeared in state court to remove this action could have acted just to protect the interest of the guardians (the only parties actually served) rather than the infant defendant's interests as well. During oral argument, defendant insisted upon this Court retaining this action despite plaintiffs' oral application to have the case dismissed due to the defect in service of process in this case (see Part III, infra).  For the reason of the lack of capacity for defendant to remove this action or a clear indication that defendant is actually a party in the underlying state case to have it removed, plaintiff's motion for remand is **granted**.

II.     Removal

Under 28 U.S.C. § 1441, a defendant alleging original federal jurisdiction may have a pending state action removed upon notice.  The plaintiff, on any issue (aside from subject matter jurisdiction) within thirty days of the filing of the notice of removal, may then move to have that action remanded to state court, 28 U.S.C. § 1447(c).  The burden is upon the party seeking to preserve federal court removal jurisdiction (here, defendant) to show that the requirements for removal were met, see 14C Federal Practice and Procedure, supra, § 3739, at 424.  The Court reviews the Complaint, the Notice of Removal, and the state court record, to determine whether removal was proper, id. at 468.

Defendant removed this action based upon diversity jurisdiction, that is citizens of different states and alleged claims that exceed the statutory threshold of $75,000, see 28 U.S.C. § 1332(a)(1).  The Notice of Removal generally alleges these elements for diversity jurisdiction (Docket No. 1, Notice of Removal ¶¶ 4, 6, 7-8), but the Complaint did not state an amount of

9

damages claimed, save a general allegation of damages exceeding the state lower courts'

jurisdictional limit for the infant plaintiff being tackled by defendant (Docket No. 1, Notice of

Removal, Ex. A, Compl. ¶¶ 5, 7; Docket No. 4, Pls. Motion for Remand ¶¶ 8, 7), see Siegel,

supra, New York Practice §§ 14, 21, 22 (jurisdictional limits for county and municipal courts,

highest being $25,000 for County Court).  Plaintiffs argue that the infant suffered "serious

personal injuries" from being struck from behind and falling to the ground (see Docket No. 1,

Ex. A, Compl. ¶ 5; Docket No. 7, Def. Atty. Decl. ¶ 5), but the complaint does not allege what

the infant plaintiff was struck with or specify what was injured.  That Complaint also alleges that

the infant plaintiff again suffered "serious personal injuries, incurred medical and hospital

expenses, has sustained permanent injuries and loss of enjoyment of life" (Docket No. 1, Ex. A,

Compl. ¶ 10; Docket No. 7, Def. Atty. Decl. ¶ 7).  Defendant argues that he met his burden that

there is a reasonable probability that plaintiffs' injuries (both the infant plaintiff and his parent's)

exceed the diversity threshold (see Docket No. 8, Def. Memo.), see Mehlenbacher v. Akzo Nobel

Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).  But damages above the state lower court threshold

of a maximum of $25,000 does not necessarily mean that plaintiffs' injuries reach the higher

threshold for diversity jurisdiction of $75,000.  He presents no additional proof aside from the

state complaint as to plaintiffs' damage claims and how defendant can conclude that it is

reasonably probable that they would exceed the diversity threshold.  See also id. at 298 (quoting

United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meridien

Square, Inc., 30 F.3d 298, 306 (2d Cir. 1994), remand to district court to argue amount in

controversy where parties would have opportunity to supplement the record, to supplement

evidence on amount in controversy); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d

10

Cir. 1994) (where complaint and notice of removal failed to allege damage facts to establish

diversity jurisdiction, circuit court directs district court to remand action to state court). At best,

there is a factual issue whether the infant plaintiff's injuries meet the diversity jurisdiction

threshold. Furthermore, plaintiffs now argue that the camp operator and defendant here each

claim that the other is an indispensable party in their respective actions (Docket No. 4, Pls.

Motion for Remand ¶ 9, see id. ¶¶ 3, 6; see also Docket No. 2, Ans. ¶ 6), hence destroying

diversity of citizenship if the camp operator (a New York corporation) is somehow joined in this

action as a defendant.

Absent allegations either in the state complaint, the motion for removal, or in subsequent

papers that plaintiffs' damages exceeds the diversity jurisdiction threshold, this case is

**remanded** to the state court.

III.     Dismissal for Insufficiency of Service of Process

Plaintiff, in reply but not addressing the capacity question, suggests that the infant

defendant himself was not served with the state summons and complaint (Docket No. 12, Pl.

Atty. Decl. ¶¶ 6-9) as required by N.Y. CPLR 309(a), rather just his legal guardians. That

provision requires that if the infant is fourteen years or older, the infant must be personally

served with the summons. N.Y. CPLR 309(a). Plaintiff concludes that this Court should dismiss

the action, without prejudice, for the failure to comply with CPLR 309(a) (id. ¶ 9), seeking in

effect a Rule 12(b)(5) motion to dismiss for insufficiency of service of process. Defendant has

not been given the opportunity to brief this issue.

Given the disposition to remand this action to state court and the sufficiency of service

turns on construction of state procedural law, the question of the sufficiency of service is best left

to the state court (including defendant's possible motion to dismiss the case on insufficient service of process, see N.Y. CPLR 3211(a)(8), or plaintiff's voluntary discontinuance of the action without prejudice, see N.Y. CPLR 3217).  This Court declines to rule upon the sufficiency of service[5].  By not deciding this issue, the infant parties' interests are preserved for state court consideration.

<u>CONCLUSION</u>

For the reasons stated above, plaintiffs' motion to remand this action (Docket No. 4) is **granted** because of defendant's lack of capacity to be sued in this Court or lack of capacity to retain appearing counsel to remove this action to this Court absent appointment of a guardian ad litem (or recognition of existing legal guardians) in the state court.  Alternatively, on the merits of plaintiff's motion to remand, that motion also is **granted**.  This action, therefore is **remanded** to the New York State Supreme Court, Erie County.  The Court Clerk is directed to effect this remand and to close this case.

So Ordered.

    s/HBS    
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 26, 2005

---

[5]Furthermore, dismissal on sufficiency of service would be dispositive and require a Report & Recommendation to the district judge.  <u>Compare</u> with note 1 of this Order, <u>supra</u>.